## COLLIN COUNTY NAT. BANK OF McKINNEY v. MURPHY et al.

### No. 13324.

Court of Civil Appeals of Texas. Fort Worth.

March 6, 1936.

Rehearing Denied April 10, 1936.

W. R. & W. P. Abernathy, of McKinney, for appellant.

Louis Wilson, of Dallas, for appellees.

BROWN, Justice.

The statement of the nature and result of the trial of the cause, as made by appellant, is clear and reflects the facts of the situation. We adopt it as follows:

During the year 1926, the First National Bank of McKinney was doing a banking business in McKinney, Tex., and on April 12, 1926, Mrs. Bettie Brown, a widow, executed a note to that bank in the amount of $5,125, and on November 24, 1926, she made another note to the bank in the sum of $5,200.

The First National Bank of McKinney continued operation in McKinney up until about 1930, when the First National Bank in McKinney was organized and took over all of the assets of its predecessor, the First National Bank of McKinney, which were duly transferred and assigned to it, and among which assets were the two notes made in 1926, which, although renewed several times, had never been paid off.

On July 31, 1931, the $5,200 note was again renewed by Mrs. Brown, payable to the First National Bank in McKinney, due on or before January 31, 1932, and on November 21, 1931, the $5,125 note was renewed by the execution of another note to the First National Bank in McKinney, in the sum of $3,243.50, due on or before May 21, 1932.

During all of the time between the inception of such notes and the last renewals above described, Mrs. Brown was the owner of many acres of farming land as well as other property in Collin county, Tex., the farm lands being managed by Mrs. Brown's son-in-law, T. S. Murphy, who also managed other farms owned by Mrs. Brown's daughter, Julia Brown Murphy.

Mrs. Brown's farm lands were rendered for taxation in her name, and the record title to such lands was in her name as shown by a financial statement made by her, in December, 1929, with the knowledge and consent of Julia Brown Murphy, to the First National Bank of McKinney, the then owner of the notes mentioned, which statement was relied upon by all owners of the notes.

However, on the 24th day of August, 1931, there were placed on record in the deed records of Collin county, Tex., four deeds executed by Mrs. Brown to her

daughter, Julia Brown Murphy, conveying approximately 467 acres of land, the consideration of each deed being recited as $1 and the love and affection of the grantor to the grantee. Of these four deeds, two bore the date of August 11, 1927, and two the date of October 27, 1924, and all of such deeds conveyed lands mentioned in the 1929 financial statement as being owned by Mrs. Brown.

On January 1, 1932, the plaintiff, the Collin County National Bank of McKinney, a banking institution which had been conducting a banking business in McKinney for many years as a separate and unrelated corporation from either the First National Bank of McKinney or the First National Bank in McKinney, purchased, for a valuable consideration, all of the assets of the First National Bank in McKinney, which were transferred and assigned to it, and among which assets were the $5,200 note and the $3,243.50 note due respectively on or before January 31, 1932, and May 21, 1932.

April 23, 1932, the plaintiff instituted this suit in the district court of Collin county, Tex., against Mrs. Bettie Brown, Julia Brown Murphy and husband, T. S. Murphy, and on May 28, 1934, filed its first amended original petition upon which it went to trial.

In such amended petition the plaintiff sought recovery upon said two notes, principal, interest, and attorney's fees, as against Mrs. Bettie Brown, and, in addition to the facts above set out, which were all alleged in such petition, alleged that it was a bona fide holder of said notes, procured the issuance and levy of a writ of attachment against the lands described in said deeds and other lands, and alleged such conveyances to be fraudulent, and to have been made with a view and with the intent to hinder, delay, and defraud Mrs. Brown's creditors and plaintiff, and sought to have same set aside as fraudulent conveyances.

Plaintiff further alleged that neither it, nor either of the two banks formerly owning said notes ever had any notice of the execution or delivery of said deeds prior to the recording thereof, and that said conveyances having been kept secret during which time said notes were being renewed, and while such financial statement was in existence, and Mrs. Brown and Julia Brown Murphy knew same was being relied upon, Julia Brown Murphy was estopped from claiming said lands, and said conveyances were the result of a fraudulent scheme of the defendants and the outgrowth of a conspiracy between said defendants, to perpetrate said fraudulent design of placing said property beyond the reach of plaintiff and other creditors, that no consideration passed to Mrs. Brown, and after the execution and delivery of said deeds, Mrs. Brown was insolvent and plaintiff's debt must remain unpaid unless such conveyances are set aside and plaintiff has no adequate remedy at law for the satisfaction of its debts.

The defendants Mrs. Brown and Mrs. Murphy and husband filed separate answers.

Upon trial, the court rendered judgment in favor of plaintiff against Mrs. Brown for the full amount of the notes sued upon and foreclosure of its attachment lien upon lands not included in the conveyances above mentioned. No appeal was taken from this part of the judgment.

However, the court sustained the general demurrer interposed by the defendants Julia Brown Murphy and husband, and upon plaintiff's declining to amend, dismissed plaintiff's cause of action, and the plaintiff, in open court, excepted and gave notice of appeal, and in due time filed its appeal bond and herewith presents its brief in this honorable court seeking a review and a reversal of the action of the trial court in sustaining such demurrer and dismissing its cause of action.

This suit was brought by appellant under the provisions of articles 3996 and 3997 of the Revised Civil Statutes of Texas, which provide as follows:

"Art. 3996. Every gift, conveyance, assignment, or transfer of, or charge upon, any estate real or personal, every unit commenced, or decree, judgment or execution suffered or obtained and every bond or other writing given with intent to delay, hinder or defraud creditors, purchasers, or other persons of or from what they are, or may be, lawfully entitled to, shall, as to such creditors, purchasers or other persons, their representatives or assigns, be void. This article shall not affect the title of a purchaser, for valuable consideration, unless it appear that he had

notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor."

"Art. 3997. Every gift, conveyance, assignment, transfer or charge made by a debtor, which is not upon consideration deemed valuable in law, shall be void as to prior creditors, unless it appears that such debtor was then possessed of property within this State subject to execution sufficient to pay his existing debts; but such gift, conveyance, assignment, transfer or charge shall not on that account merely be void as to subsequent creditors, and though it be decreed to be void as to a prior creditor, because voluntary, it shall not for that cause be void as to subsequent creditors or purchasers."

The complaint before us is that in the face of the allegations found in the plaintiff's petition the trial court sustained the general demurrer urged by the defendants Julia Brown Murphy and her husband, T. S. Murphy.

It is fundamental that where the general demurrer to a petition is sustained, all facts alleged in the petition, whether general or specific, must be taken as true.

As we view the case before us, the only question for determination is: Can the purchaser of a debt attack a conveyance as fraudulent, if the original owner of the debt could have done so?

The overwhelming weight of authority answers this question in the affirmative.

Vol. 27 Corpus Juris, page 478, advises us that such right is recognized in the following states: Alabama, California, Colorado, Connecticut, Iowa, Maine, Maryland, Massachusetts, Michigan, Mississippi, Missouri, New Jersey, New York, Ohio, Pennsylvania, Rhode Island, Tennessee, Virginia, Washington, West Virginia, and Wisconsin.

We do not believe that the minority should be followed. The holdings by the minority are, in our opinion, contrary to the spirit of American justice.

We hold that appellant's petition stated a cause of action against appellees, the defendants below, and that the trial court erred in sustaining the general demurrer to the plaintiff's petition.

The judgment of the trial court sustaining the general demurrer urged against appellant's petition in so far as it seeks relief against the conveyances made by Mrs. Bettie Brown to Julia Brown Murphy is reversed and the cause remanded for a trial on the merits. The judgment in all other respects is by us undisturbed, no appeal having been taken therefrom by any interested party.